```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA
```

OLIVER F. GRAHAM, JR.,             )
                                   )
            Plaintiff,             )
                                   )
v.                                 )   Case No. CIV-12-129-FHS-KEW
                                   )
CAROLYN W. COLVIN, Acting          )
Commissioner of Social             )
Security Administration,           )
                                   )
            Defendant.             )

## REPORT AND RECOMMENDATION

Plaintiff Oliver F. Graham, Jr., (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ."  42 U.S.C. §423(d)(2)(A).  Social Security regulations implement a five-step sequential process to evaluate a disability claim.  *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries:  first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.  At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on September 19, 1979 and was 31 years old at the time of the ALJ's decision. Claimant obtained his GED after attending special education classes through the seventh grade and proceeding to regular classes. Claimant has worked in the past as a construction laborer and groundskeeper. Claimant alleges an inability to work beginning May 1, 2008 due to limitations

3

resulting from bipolar disorder, depression, anxiety, anti-social disorder, and paranoia. Claimant also alleges he suffers from seizures, sleep problems, severe migraine headaches, breathing problems, chest pain, pain in his left side, and severe hemorrhoids.

## Procedural History

On August 21, 2009, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On December 15, 2010, an administrative hearing was held before ALJ Osly F. Deramus in McAlester, Oklahoma. On February 8, 2011, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the ALJ's decision on February 8, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform his past relevant work.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in rejecting the opinion of the state agency physician who reviewed Claimant's medical record.

**Consideration of the Opinion of State Agency Physician**

In his decision, the ALJ determined Claimant suffered from the severe impairments of anxiety-related disorder and personality disorder. (Tr. 12). He also found Claimant retained the RFC to perform a full range of work at all exertional levels but with the non-exertional limitations due to psychologically based factors of performing simple tasks with routine supervision, relating to supervisors and peers on a superficial work basis, adapting to work situations, but could not relate to the public. (Tr. 14). After consultation with a vocational expert, the ALJ determined Claimant could perform his past relevant work as a construction laborer, rated as very heavy unskilled work and as a groundskeeper, rated medium unskilled work. (Tr. 17).

Claimant contends that the ALJ erroneously rejected the opinion of Dr. Tom Shadid, a state agency physician who reviewed Claimant's medical records. On November 3, 2009, Dr. Shadid completed a Mental RFC Assessment form on Claimant. He found Claimant was markedly limited in the areas of the ability to

understand and remember detailed instructions, the ability to carry out detailed instructions, and the ability to interact appropriately with the general public. (Tr. 210-11). Dr. Shadid concluded that Claimant could perform simple tasks with routine supervision, could relate to supervisors and peers on a superficial work basis, could not relate to the general public, and could adapt to a work situation. (Tr. 212). The ALJ found Dr. Shadid's opinion was "well supported by the evidence as a whole and entitled to great weight." (Tr. 17).

It appears that Dr. Shadid's functional limitations did not include any provision for Claimant's marked limitation upon his ability to understand, remember, and carry out detailed instructions and did not explain the reason why he accepted most of the limitations found by Dr. Shadid but rejected others. He is required to provide such an explanation. Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003). Additionally, the ALJ cannot pick and choose through the uncontradicted medical opinion evidence. Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). The fact the information is contained in a check off box type form is of no moment to the obligation to consider the recorded limitation opinion. *See*, Id.; Frantz v. Astrue, 509 F.3d 1299, 1302-03 (10th Cir. 2007).

The failure to include the restriction concerning carrying out detailed instructions also affects the analysis at step four. Claimant's past relevant work requires a reasoning level R2. *See*, *Dictionary of Occupational Titles*. An R2 level requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." Id. The inclusion of this limitation would, therefore, determined whether he could perform his past relevant work. On remand, the ALJ shall consider the totality of the limitations provided by Dr. Shadid in his opinion and provide an explanation for their acceptance or rejection.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will

preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of September, 2013.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE